**EXHIBIT E**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>GLOBAL CORD BLOOD CORPORATION,<br><br>Debtor in a Foreign Proceeding.[1] | Chapter 15<br><br>Case No. 22-_____ (____) |

**ORDER RECOGNIZING FOREIGN MAIN**
**PROCEEDING AND GRANTING RELATED RELIEF**

This matter was brought by Margot MacInnis, John Royle, and Chow Tsz Nga Georgia (collectively, the "JPLs"), the authorized foreign representatives and the duly appointed joint provisional liquidators of Global Cord Blood Corporation (the "Debtor"), upon their filing, on behalf of the Debtor, of the *Verified Chapter 15 Petition for Recognition of Foreign Main Proceeding* (the "Verified Petition") pursuant to sections 1504 and 1515 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned Chapter 15 case (the "Chapter 15 Case").

This Court has reviewed the Verified Petition along with the other papers, pleadings and exhibits submitted by the JPLs in support of the Verified Petition (collectively, the "Supporting Papers,") including, among other things, (a) the declaration of Margot MacInnis in support of (i) the Verified Petition and (ii) *Application for an Order (I) Scheduling Recognition Hearing, (II) Specifying Deadline for Filing Objections, and (III) Specifying Form and Manner of Notice* (the "Notice Application") (the "MacInnis Declaration"); and (b) the declaration of Nicholas Fox in support of (i) the Verified Petition and (ii) the Notice Application (the "Fox Declaration").

---

[1] The Debtor's Cayman Islands company registration number is 227732. The Debtor's registered office is located at Mourant Governance Services (Cayman) Limited, 94 Solaris Avenue, Camana Bay, PO Box 1348, Grand Cayman KY1-1108, Cayman Islands.

For good cause shown, including the record created at the [_____], 2022 Recognition Hearing, the Court finds and concludes as follows:

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and section 1501 of the Bankruptcy Code.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

C. Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

D. Good, sufficient, appropriate and timely notice of the filing of the Verified Petition and the hearing on the Verified Petition has been given pursuant to rules 2002-4 and 9078-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and rule 2002(q)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

E. The Chapter 15 Case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

F. Pursuant to section 1517(a)(2) of the Bankruptcy Code, each of the JPLs is a "person" within the meaning of section 101(41) of the Bankruptcy Code and is the duly appointed foreign representative of the Debtor within the meaning of section 101(24) of the Bankruptcy Code.

G. The Cayman Proceeding currently pending before the Grand Court is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

H. The Cayman Proceeding is pending in Cayman Islands, where the Debtor's "center of main interests," as that term is used in section 1517(b)(1) of the Bankruptcy Code, is located, and, accordingly, the Cayman Proceeding is a "foreign main proceeding" pursuant to section 1502(4) of the Bankruptcy Code and is entitled to recognition pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code.

I. The Debtor is entitled to all of the relief provided under sections 1520 and 1521(a)(1) and (2) of the Bankruptcy Code, without limitation, because those protections are necessary to effectuate the purposes of Chapter 15 of the Bankruptcy Code and to protect the assets of the Debtor and the interests of the Debtor's creditors and stakeholders.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Verified Petition is **GRANTED** as set forth herein.

2. The Verified Petition meets the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

3. The Cayman Proceeding is recognized as a "foreign main proceeding" (as defined in section 1502(a)(4) of the Bankruptcy Code) pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code.

4. Each of the JPLs is recognized, on a final basis, as the "foreign representative" as defined in section 101(24) of the Bankruptcy Code.

5. Other than as expressly set forth herein, the Debtor is entitled to and granted all of the relief provided under sections 1520 and 1521 of the Bankruptcy Code, including, without limitation, (i) application of the automatic stay under section 362 of the Bankruptcy Code throughout the duration of this Chapter 15 Case or until otherwise ordered by this Court, (ii) staying execution against the Debtor's assets to the extent it has not been stayed under section 1520(a), (iii) providing for the examination of witnesses, the taking of evidence or delivery of information concerning the Debtor's assets, affairs, rights, obligations or liabilities, and (iv) entrusting the administration or realization of all or part of the Debtor's assets within the territorial jurisdiction of the United States to the JPLs.

6. Pursuant to sections 1520 and 1521 of the Bankruptcy Code, and, as necessary, sections 105(a) and 1507 of the Bankruptcy Code, the Order of the Grand Court dated September 22, 2022, whereby the JPLs were appointed, is hereby given full force and effect in the United States.

7. The Debtor is authorized to maintain its U.S. assets, business operations and other processes in the ordinary course of the Debtor's business, pursuant to section 1520(a) of the Bankruptcy Code.

8. The relief granted hereby is necessary and appropriate, in the interests of the public and of international comity, not inconsistent with any public policy of the United States, warranted pursuant to sections 105(a), 1504, 1507, 1509, 1515, 1517, 1520, 1521 and 1522 of the Bankruptcy Code, and will not cause hardship to creditors of the Debtor, or to any other parties in interest, in each case that is not outweighed by the benefits of granting such relief.

9. Pursuant to section 1521(a)(6), any additional relief granted under section 1519(a) is hereby extended.

10. The Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief, any adversary proceeding in and through this Chapter 15 Case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced within the jurisdiction of this Court.

11. The JPLs shall provide service and notice of this Order by first class mail, postage prepaid, upon the Chapter 15 Notice Parties as defined in the Notice Application.

Dated: _____, 2022
      New York, New York

                                                _____
                                                UNITED STATES BANKRUPTCY JUDGE

5